72 F.3d 134
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
James A. ZIMMERMAN, Appellant.
 No. 95-3168.
 United States Court of Appeals, Eighth Circuit.
 Submitted Dec. 7, 1995.
Filed Dec. 15, 1995.
 
 Before FAGG, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 James A. Zimmerman appeals the sentence imposed on him by the district court[1] after he pleaded guilty to drug charges. We affirm.
 
 
 2
 Following his indictment, Zimmerman made a proffer statement, admitting that he had purchased from a co-defendant one ounce of methamphetamine each week for a year. He then signed a plea agreement, agreeing to cooperate in the prosecution of his co-defendants. The agreement provided in part that any information Zimmerman offered against his co-defendants which also incriminated him would not be used at sentencing unless he breached the agreement. Zimmerman subsequently withdrew from the agreement, and pleaded guilty--without benefit of a plea agreement--to distributing one ounce of methamphetamine on two occasions. At sentencing, the district court attributed 1.474 kilograms of methamphetamine to Zimmerman based on the transactions disclosed in his proffer statement, and sentenced him to 188 months imprisonment. On appeal, Zimmerman argues that only the quantity to which he pleaded guilty should have been considered in setting his base offense level.
 
 
 3
 The district court properly considered the drug quantity revealed in the proffer statement as relevant conduct. See U.S.S.G. Sec. 1B1.3, comment. (backg'd.) (defining relevant conduct in drug distribution cases). While such quantities cannot be included if disclosed in the course of plea discussions which did not result in a guilty plea, see Fed.R.Crim.P. 11(e)(6)(D); U.S.S.G. Sec. 1B1.8, comment. (n.3), the inclusion was appropriate here because Zimmerman agreed to the use of self-incriminating information in the event he breached the plea agreement. See United States v. West, 2 F.3d 66, 68, 70 (4th Cir.1993) (Rule 11(e)(6)(D) did not preclude consideration of statement made in course of plea discussions where defendant signed plea agreement but later breached it, as agreement "clearly contemplated" use of statement in such event); see also United States v. Lloyd, 43 F.3d 1183, 1185-86 (8th Cir.1994).
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri